IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY HOWARD BAD HAND,

    Plaintiff,

v.                                               Civ. No. 21-0784 KG-GBW

AUSTIN BARNES, *et al*,

    Defendants.

## ORDER REQUIRING AMENDMENT

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint. (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis*. (Doc. 2) (Motion). Plaintiff was previously incarcerated at Taos County Adult Detention Center and is proceeding *pro se*. His financial statement reflects he cannot afford to pay the $402 filing fee. Hence, the Court will grant the Motion and screen the Complaint.

The original Complaint consists of three written pages and various attachments. (Doc. 1). Plaintiff lists several Defendants along with the following threadbare claims: (1) "Property Loss/Damage and Withholding[;]" (2) "Police Misconduct and Injury[;]" and (3) "Liability (Defamation and Libel)." *Id.* at 2-3. It is unclear how each Defendant is involved or what wrongdoing, if any, they committed. After filing the opening pleading, Plaintiff submitted several supplements. (Docs. 3, 5, and 6). The supplements contain over 100 pages of additional allegations and exhibits but do not clarify the scope of the wrongdoing.

Courts cannot "sort through a lengthy ... complaint and voluminous exhibits ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading

and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that "include[d] everything but the kitchen sink"). Plaintiff must therefore file a single, legible complaint within thirty (30) days of entry of this ruling. The amended complaint must comply with Fed. R. Civ. P. 8(a), which requires a short, plain statement of the grounds for relief. It must also "explain what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Finally, to obtain relief from a county, entity, or supervisor, such defendant must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). If Plaintiff fails to timely file an amended complaint or files a pleading that fails to comply with the above instructions, the Court will dismiss this case without further notice.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is granted.

2. Within thirty (30) days of entry of this Order, Plaintiff shall file a single, legible amended complaint as set forth above.

3. The Clerk's Office shall mail Plaintiff a blank Section 1983 form.

                                                                                          _____
UNITED STATES DISTRICT JUDGE