# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEREMY HOWARD BAD HAND,

    Plaintiff,

v.                                                                                                  Civ. No. 21-784 KG/GBW

THE COUNTY OF TAOS NEW MEXICO, *et al*,

    Defendants.

## ORDER DISMISSING CLAIMS AND DIRECTING ISSUANCE OF NOTICE AND WAIVER OF SERVICE FORMS

THIS MATTER is before the Court on Plaintiff's Amended Complaint for Violation of Civil Rights. *See doc. 8*. Plaintiff was previously incarcerated, appears *pro se,* and is proceeding *in forma pauperis*. *See doc. 7*. He filed his Amended Complaint at the Court's direction due to deficiencies in his original Complaint. *See id*. Construing the Amended Complaint liberally, the Court FINDS that many claims therein do not state a claim for relief and DISMISSES these claims pursuant to 28 U.S.C. § 1915(e).

The Amended Complaint makes the following factual allegations: (i) on August 18, 2019, Defendant Austin Barnes, a City of Taos Police Officer, helped taser Plaintiff, slammed him to the ground, broke his tooth, and applied pressure to his neck and lungs on the pretext that Plaintiff was resisting arrest while escorting Plaintiff off family premises, *see doc. 8 at 2-5*; (ii) Plaintiff's "property was … confiscated several times over the course of discrimination in Taos County," most recently by Defendant Joey Graves, a Taos County Sheriff's Deputy, on March 27, 2020, during a pre-warrant search, *see id.*, (iii) Defendant The County of Taos New Mexico held Plaintiff in custody pending trial, *see id*. at 4, and (iv) unspecified police officers, corrections officers, and government employees have slandered and defamed Plaintiff in unspecified ways, *see id.*

Based on these allegations, the Amended Complaint pleads the following claims for relief: (i) unspecified violations of the 1964 Civil Rights Act; (ii) illegal search and seizure in violation of the Fourth Amendment of the U.S. Constitution; (iii) taking of private property in violation of Article II Section 20 of the New Mexico Constitution; (iv) excessive force and failure to Mirandize in violation of the Fifth Amendment of the U.S. Constitution; (v) slander and public defamation in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution; and (vi) unlawful imprisonment in violation of the Thirteenth Amendment. *See id.* at 3. Plaintiff brings claims against individual Defendants Barnes and Graves in both their individual and official capacities. *See id.* at 2. As a remedy, the Amended Complaint also seeks damages, the return of Plaintiff's property, and a public apology. *See id.* at 5.

When reviewing Plaintiff's original complaint and ordering him to file the Amended Complaint, the Court advised Plaintiff that threadbare claims are insufficient to state a claim for relief; that passive-voice statements about rights violations do not suffice to state a claim; and that he needs to explain what each Defendant did to him, when that Defendant did it, how that Defendant's actions harmed him, and what specific legal right Plaintiff believes that Defendant to have violated. *See doc. 7* at 1-2 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), and *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013)). The Court also informed Plaintiff that "to obtain relief from a county"—like Defendant The County of Taos New Mexico—he needed to allege that the county "had an official policy of some nature that was the direct cause or moving force behind the constitutional violations." *See id.* (cleaned up) (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)). Finally, the Court also notified Plaintiff that if he "file[d] a pleading that fails to comply with the above instructions, the Court [would] dismiss this case without further notice." *Id.*

Having reviewed the Amended Complaint under 28 U.S.C. § 1915(e), the Court finds that most of its claims should be dismissed for failing to state a claim for relief. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (advising that a "plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements" should not prevent the Court from recognizing a claim for relief that can reasonably be read from his pleadings). Liberal construction, though, "does not relieve [a] plaintiff of the burden of *alleging sufficient facts* on which a recognized legal claim could be based." *Id.* (emphasis added).

The Court dismisses Plaintiff's statutory and Thirteenth Amendment claims, as well as his Eighth and Fourteenth Amendment claims for slander and public defamation, for lacking sufficient factual allegations to state a claim. The Amended Complaint does not specify which provision of the lengthy 1964 Civil Rights Act was violated and its sole factual allegation about discrimination—a vague "course of discrimination" during the confiscation of Plaintiff's property, *see doc. 1* at 4—does not "identify *specific* actions taken by *particular* defendants," *see Pahls*, 718 F.3d at 1226, as is required to state a claim under any portion of the Act. Similarly, the Amended Complaint lacks any allegations about any servitude to which Plaintiff was subjected, let alone specific allegations about how that servitude constitutes the involuntary servitude prohibited by the Thirteenth Amendment. Finally, as for Plaintiff's claims for slander and defamation in violation of the Eighth and Fourteenth Amendments, the Amended Complaint fails to detail specific statements or actions that constitute slander or defamation, explain when and the context in which these statements or actions occurred, or identify the specific police officers, corrections officers, or government employees who made the statements and/or took the

actions.[1] *See Nasious*, 492 F.3d at 1163. The Court also dismisses Plaintiff's Fifth Amendment claim for unspecified *Miranda* violations because *Miranda* violations are not violations of constitutional rights. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (stating that "failure to read Miranda warnings…did not violate…constitutional rights and cannot be grounds for a § 1983 action").

Turning to claims that are properly pled for the purposes of § 1915 review,[2] the Court finds the allegations of the Amended Complaint sufficient to state Fourth Amendment § 1983 claims against Defendant Barnes in his individual capacity for unlawful seizure and excessive force,[3] and against Defendant Graves in his individual capacity for unlawful search. The Court also finds the allegations of the Amended Complaint sufficient to state a claim under the New Mexico Civil Rights Act, N.M. Stat. Ann. § 41-4A-1 *et. seq.*, against the Board of County Commissioners of the County of Taos ("BCCCT")[4] for Defendant Graves's purported taking of Plaintiff's belongings during the pre-warrant search on March 27, 2020, in violation of Article II Section 20 of the New Mexico Constitution. *See* N.M. Stat. Ann. § 41-4A-3 (providing that claims for deprivations of state constitutional rights under the New Mexico Civil Rights Act shall

---

[1] The Court does not reach the question of whether slander or public defamation constitute violations of the Eighth and Fourteenth Amendments.

[2] The Court may revisit these interlocutory findings at a later date. *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224–25 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").

[3] The Court construes Plaintiff's Fifth Amendment claim for excessive force to fall under the Fourth Amendment claim for excessive force. *See Graham v. Connor*, 490 U.S. 386, 394 (1989 ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.").

[4] The County of Taos is not a suable entity. *See* N.M. Stat. Ann. § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of . . . . . . . . . ."). Since Plaintiff is *pro se*, the Court construes his claims against The County of Taos New Mexico to be against the Board of County Commissioners of the County of Taos.

be brought exclusively against a public body, not the person acting on behalf of or under color of that body).

The Court, though, does not find the allegations of the Amended Complaint sufficient to plead a § 1983 claim against BCCCT, as the Amended Complaint fails to allege the existence of any official policy that was the direct cause or moving force behind Defendant Graves's purported Fourth Amendment violations. *See Dubbs*, 336 F.3d at 1216. Likewise, the Court also concludes that the Amended Complaint does not state a § 1983 claim against Defendants Graves in his official capacity. *See Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993) (holding that a claim against a public servant in his official capacity is effectively a claim against the entity that he represents such that a complaint that fails state a claim against the entity also fails to state a claim against the servant in his official capacity). Likewise, the Court also finds that the Amended Complaint does not state a § 1983 claim against Defendant Barnes in his official capacity as it lacks any allegations about the policies and customs of the City of Taos, the public entity that Defendant Barnes represents. *See id.*

IT IS HEREBY ORDERED that Board of County Commissioners of the County of Taos is SUBSTITUTED for The County of Taos, New Mexico, as Defendant in this action and that the following claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e) for failing to state a claim for relief: (i) all claims for violations of the 1964 Civil Rights Act and Fifth, Eighth, Thirteenth, and Fourteenth Amendments; (ii) all claims against Defendants Barnes and Graves in their official capacities; and (iii) all § 1983 claims against Defendant BCCCT.

IT IS ALSO ORDERED that the Clerk's Office shall MAIL Defendants Notice and Waiver of Service Forms, along with a copy of the Amended Complaint (*Doc. 8*) and this Order, at the following addresses: (i) Austin Barnes, c/o Taos Police Department, 400 Camino de la

Placita, Taos, NM 87571; (ii) Joey Graves, c/o Taos County Sheriff's Department, 599 Lovato Place, Taos, NM 87571; and (iii) Board of County Commissioners for the County of Taos, 105 Albright St., Taos, NM 87571.  The Court will give Defendants an opportunity to waive formal service requirements before ordering personal service by the U.S. Marshal.  The costs of service may be imposed on any Defendant if the Court finds they declined to waive personal service without good cause.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE